**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST and JOHN FULTZ as a Fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWITT INDUSTRIAL CONTRACTORS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:19-cv-_____<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs, Boilermaker-Blacksmith National Pension Trust (the "Pension Fund") and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust, file the following Complaint:

**REQUEST FOR PLACE OF TRIAL**

1. Pursuant to District of Kansas Rule 40.2, Plaintiffs request that trial be held in Kansas City, Kansas.

**NATURE OF THE ACTION**

2. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1001 et seq. (1982), for the collection of withdrawal liability, along with interest, liquidated damages and attorneys' fees incurred as the result of an employer's failure to demand arbitration.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

4. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d) because the Pension Fund is administered in this district.

**PARTIES**

5. The Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3) and maintains its principal place of business at 754 Minnesota Avenue, Kansas City, Kansas 66101. It is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

6. Plaintiff John Fultz is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. Upon information and belief, Defendant Hewitt Industrial Contractors ("Hewitt") is a corporation which, at all relevant times, had its principal place of business at 4444 Miller Road, Columbus, GA 31909.

**BACKGROUND**

8. At all relevant times, the Pension Fund was a third-party beneficiary to multiple collective bargaining agreements between Hewitt and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers AFL-CIO, CLC, under which agreements Hewitt was obligated to report and submit Pension Fund contributions for each hour of covered work performed by its employees.

9. At all relevant times, Hewitt was subject to the Pension Fund's Trust Agreement, the relevant portions of which are attached as **Exhibit A.**

10. In 2017, Hewitt permanently ceased contributing to the Pension Fund, thereby triggering a complete withdrawal from the Pension Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

11. The Pension Fund determined that Hewitt's withdrawal liability is $79,100.

12. In accordance with Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382 and 1399, the Pension Fund sent Hewitt a Withdrawal Liability Notice and Demand letter ("Notice and Demand letter") dated February, 28, 2018, attached as **Exhibit B**, informing Hewitt that:

   a. The Pension Fund determined that Hewitt triggered a complete withdrawal from the Pension Fund in 2017 under Section 4203 of ERISA, 29 U.S.C. § 1383;

   b. The amount of Hewitt's withdrawal liability was $79,100, as set forth in the withdrawal liability calculations attached to the Notice and Demand Letter;

   c. Hewitt could discharge its withdrawal liability by making a lump sum payment of $79,100, or by making twenty-one (21) monthly payments of $3,734.98 followed by a final monthly payment of $3,726.93;

   d. If Hewitt elected to make monthly payments, the first monthly payment of $3,734.98 was due by April 30, 2018;

   e. Failure by Hewitt to make a lump sum payment or to comply with the payment schedule would result in the Pension Fund filing an action in federal court.

13. Pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), a contributing employer may, no later than 90 days after receiving notice of the fund's withdrawal liability assessment, request the pension fund to review any specific matter relating to the determination of the employer's liability and the schedule of payments.

14. On May 17, 2018, Hewitt sent the Pension Fund a letter, attached as **Exhibit C**, which asserted that Hewitt has no withdrawal liability to the Pension Fund because Hewitt "does not continue to perform work in the jurisdiction of the type for which contributions were previously required."

15. Hewitt provided no supporting facts in this letter for the Pension Fund to conclude that Hewitt met the eligibility criteria to invoke the special withdrawal liability rules under Section 4203(b)(1) of ERISA, 29 U.S.C. § 1383(b)(1).

16. Hewitt did not even attempt to establish that it met the eligibility requirements for those special rules, namely that substantially all of Hewitt's covered employees performed work in the building and construction industry.

17. Nothing in the letter suggested that the Pension Fund incorrectly determined that a complete withdrawal occurred under the general withdrawal liability rules, Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

18. Hewitt's letter from May 17, 2018 therefore did not comply with the requirement under Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), that the employer's request for review involve a specific matter relating to the determination of the employer's withdrawal liability.

19. Hewitt did not otherwise submit a valid request for review under Section 4219(b)(2)(A) of ERISA within the 90-day statutory deadline from of the Pension Fund's Notice and Demand letter (*i.e.*, May 29, 2018).

20. Accordingly, Hewitt has waived its right to dispute the Pension Fund's assessment of withdrawal liability.

21. Alternatively, even if Hewitt's May 17, 2018 letter satisfied Section 4219(b)(2)(A)'s request for review requirement, Hewitt nevertheless waived its right to dispute the Pension Fund's assessment because Hewitt did not submit a timely demand for arbitration.

22. Pursuant to Section 4221(a)(1)(A) of ERISA, 29 U.S.C. § 1401(a)(1)(A), Hewitt was obligated to demand arbitration no later than 180 days from the date Hewitt submitted the Request for Review.

23. Because Hewitt sent the letter on May 17, 2018, Hewitt was required to demand arbitration no later than November 13, 2018.

24. To date, Hewitt has not demanded arbitration, and the November 13, 2018 deadline for it to do so has long expired.

25. In addition, Hewitt has failed to either pay the full, lump sum, withdrawal liability as assessed or to make any withdrawal liability payments under the payment schedule, as required by Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

26. By letters dated May 1 and July 31, 2018, attached as **Exhibit D** and **Exhibit E**, the Pension Fund notified Hewitt that it had failed to make its first four payments in accordance with the schedule set forth in the Notice and Demand letter, and, if such failure was not cured within 60 days, the Pension Fund would accelerate all of the outstanding withdrawal liability and file a federal lawsuit to collect the same, plus all accrued interest, attorneys' fees, liquidated damages, and costs.

27. Hewitt still has not made any of the four payments referenced in the May 1 and July 31, 2018 letters, nor has Hewitt made any of the five monthly payments that have become due thereafter.

28. Hewitt is therefore in default pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), meaning that Plaintiffs are entitled to the immediate recovery of the full amount of Hewitt's withdrawal liability in this action.

## Count I

### Withdrawal Liability Against Hewitt
### Pursuant To 29 U.S.C. §§ 1399(c)(5), 1401(b)(1) and 1451(a)

29. Plaintiffs repeat the foregoing allegations as if fully set forth.

30. The Pension Fund's February 28, 2018 Notice and Demand letter satisfied the statutory notice and demand requirement under Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

31. Hewitt has waived its right to dispute the Pension Fund's assessment of withdrawal liability because:

    a. Hewitt failed to make a specific request for review of the Pension Fund's withdrawal liability assessment within 90 days of receipt of the Notice and Demand letter (*i.e.*, May 29, 2018) , as required by Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and/or

    b. even assuming that Hewitt's May 17, 2018 letter constituted a valid request for review, Hewitt did not demand arbitration within 180 days of sending the letter (*i.e.,* by November 13, 2018), as required by Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

32. Accordingly, pursuant to Sections 4221(b)(1) and 4301(a) of ERISA, 29 U.S.C. §§ 1401(b)(1), and 1451(a), Hewitt is liable to Plaintiffs for withdrawal liability in the amount of $71,900.

33. Hewitt is in default within the meaning of the acceleration provision of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), because more than 60 days have passed since the Pension Fund sent Hewitt the 60-Day Cure Notices on May 1, 2018 and July 31, 2018.

34. Alternatively, to the extent that Hewitt's May 17, 2018 letter constituted a request for review under Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), Hewitt is in default under 29 C.F.R. § 4219.31(c)(1)(iii) because more than 61 days have passed since the expiration of the November 13, 2018 deadline for Hewitt to demand arbitration.

35. Because Hewitt is in default, Plaintiffs are entitled to immediate payment of all of the outstanding amount of Hewitt's $79,100 in withdrawal liability.

36. Pursuant to Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), an employer's overdue withdrawal liability payments constitute delinquent contributions under Section 515 of ERISA, 29 U.S.C. § 1145.

37. As a result, Plaintiffs are also entitled to recover, and therefore demand, the mandatory add-ons set forth in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), at the conclusion of this case:  interest and liquidated damages at the rates in the Pension Fund's Trust Agreement; reasonable attorneys' fees and costs; and any other legal or equitable relief the Court deems appropriate.

WHEREFORE, Plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust demand judgment against Defendant Hewitt in the amount of $79,100, plus the mandatory add-ons listed in Section 502(g)(2) of ERISA, and any other relief the Court deems as just and proper.

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

*/s/ Neil J. Gregorio*
Neil J. Gregorio, Esquire
Pa. Id. No. 90895
Scott R. Leah, Esquire
Pa. Id. No. 57564
Brian A. Pepicelli, Esquire
Pa. Id. No. 316605
Ian M. Grecco, Esquire
Pa. Id. No. 324372

Counsel for Plaintiffs, Boilermaker-Blacksmith National Pension Trust and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust

TADMS:TADMS:5064999-3 032403-182489